IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | |
|---|---|
| HANNELORE BOORN on behalf of herself and all others similarly situated,<br>　　　　　　*Plaintiff,*<br><br>v.<br><br>SCIENTIFIC GAMES CORP., SCIPLAY CORP., and APPCHI MEDIA LTD.<br>　　　　　　*Defendants.* | Case No. _____<br><br>(Commonwealth of Kentucky, Fayette Circuit Court, Civil Action No. 22-CI-2686) |

### NOTICE OF REMOVAL

　　Defendants Scientific Games Corp., now known as Light & Wonder Inc. ("Scientific Games"), SciPlay Corp. ("SciPlay"),[1] and Appchi Media Ltd., now known as Dragonplay Limited ("Appchi Media") (collectively, "Defendants"), without waiving the right to assert any defenses available to them, including lack of personal jurisdiction, remove this action from the Fayette Circuit Court in Lexington, Fayette County, Kentucky, to the United States District Court for the Eastern District of Kentucky, under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has diversity jurisdiction over the state court action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this action is brought as a purported class action in which the total number of class members is alleged to be 100 or more, there is diversity of citizenship between one plaintiff and one defendant, and the amount in controversy for the class members in the aggregate exceeds the sum or value of $5 million, exclusive of interests or costs.

　　In support of this removal, Defendants state as follows:

**I.　PROCEDURAL HISTORY**

---

[1] It appears that Plaintiff erroneously named "Sciplay Corp." as a defendant rather than SciPlay Games, LLC. In either event, it does not affect removal as neither entity is a Citizen of Kentucky. *See* Exhibit 2, Affidavit of Robert Gustafson ("Gustafson Aff.") ¶¶ 4-8.

1

1. On September 15, 2022, plaintiff Hannelore Boorn ("Plaintiff") filed this action in the Fayette Circuit Court. *See* Exhibit 1, Affidavit of Alison Wheeler ("Wheeler Aff.") Ex. A ("Complaint").

2. SciPlay's registered agent received a summons and complaint by mail on September 23, 2022. *See* Wheeler Aff. Ex. B. The registered agent for Dragonplay Ltd., formerly known as Appchi Media, also received a summons and complaint by mail on September 23, 2022. *See id*. Ex. C. The Kentucky Secretary of State made a return to the state court for SciPlay and Appchi Media on September 29, 2022. *See* Wheeler Aff. Ex. D.

3. The Kentucky Secretary of State mailed the summons and complaint to Scientific Games by letter dated September 22, 2022. *Id*. Ex. D. The Kentucky Secretary of State made a return to the court for Scientific Games on September 30, 2022. *See id.* Ex. D.

4. Exhibits A through D attached to the Affidavit of Alison Wheeler constitute all process and pleadings served on Defendants in this case, as well as the state court docket, and are attached to this Notice of Removal under 28 U.S.C. §1446(a). No substantive motions are pending in the state court.

5. Plaintiff's Complaint concerns SciPlay's online social casino-style video games. These games contain casino-themed slot machines for play. Complaint ¶¶ 1-2, 21. The games are free to download and play on mobile devices and through Facebook. *Id*. ¶ 21. While the games emulate slot machines, players do not use money. *Id*. ¶¶ 23, 29-31. Instead, they use virtual coins—freely distributed, symbolic tokens with no value outside the games—to spin the "slots" of the social casinos. *Id*. ¶¶ 23, 29-31. Plaintiff contends that the use of virtual coins in such video games constitutes gambling in violation of Kentucky statutory and common law. *Id*. ¶¶ 43-45.

6. All players automatically receive millions of virtual coins upon first downloading the game, and they continue to receive many thousands more virtual coins while they play the games. *Id*. ¶¶ 23, 26 & n.6, 31. Some players choose to spend money to purchase additional virtual coins beyond those millions they are given for free. *Id*. ¶ 26. Under Plaintiff's

2

theory, virtual coins played in virtual games are "things of value" and, for purposes of "gambling" under Kentucky law, indistinguishable from real currency. *Id*. ¶¶ 43-45.

7. On behalf of a putative class of individuals in the state of Kentucky who paid $5.00 or more within a 24-hour period for an in-game purchase in social casino games during the applicable limitations period, Plaintiff asserts a claim under Kentucky's "Recovery of money lost at gambling" statute, KRS § 372.020, as well as a common-law claim for unjust enrichment. *Id*. ¶¶ 33, 42-46, 48-51. Plaintiff seeks various remedies, including compensatory damages, restitution, disgorgement, and injunctive relief. *See id*. at pp. 15-16.

## II. PARTIES

8. Plaintiff is a Kentucky citizen who resides in Lexington, Kentucky. *Id*. ¶ 10.

9. Scientific Games is a corporation incorporated under the laws of the state of Nevada. *See id*. ¶ 11. It has its principal place of business in Las Vegas, Nevada. *Id*.

10. SciPlay is a corporation incorporated under the laws of Nevada. Gustafson Aff. ¶ 6. It has its principal place of business in Las Vegas, Nevada. *Id*.; Complaint ¶ 12.

11. Appchi Media, now known as Dragonplay Limited, is a limited liability company formed under the laws of Israel and with a principal place of business in Ramat Gan, Israel. It is a citizen of either Nevada and Delaware or Israel.[2] *See* Gustafson Aff. ¶¶ 3-8.

---

[2] Determining the citizenship of "foreign business entity can be difficult . . . because other nations may use subsets of the characteristics that distinguish corporations from other business entities in the United States." *Boumatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014). To determine whether the foreign entity resembles a corporation or any other unincorporated entity, courts evaluate whether the entity shares the attributes that distinguish corporations from other unincorporated business forms in the United States, such as whether the entity has "indefinite existence, personhood (the right to contract and litigate in its own name), limited liability for equity investors, and alienable shares, among other features." *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787 (7th Cir. 2014); *see also Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019).

Based on the Gustafson Affidavit, Appchi Media, now known as Dragonplay Ltd., appears to more closely resemble a limited liability company. *See* Gustafson Aff. ¶¶ 3-8. Ultimately, whether Appchi Media, now known as Dragonplay Ltd., more closely resembles a

### III. TIMELINESS OF REMOVAL

12. Under Kentucky's long-arm statute, service on non-resident defendants is accomplished by serving the Kentucky Secretary of State, which then must mail the summons and complaint to the defendants within seven days after receipt. K.R.S. § 454.210(3)(c). Service is not complete until the Kentucky Secretary of State makes a return to the court "showing that the acts contemplated by [the long-arm] statute have been performed." *Id.*; *see also Wells v. GEICO Gen. Ins. Co.*, No. CV 5:19-500-DCR, 2020 WL 12582131, at *1-2 (E.D. Ky. Jan. 23, 2020).

13. The docket for this case states that the Kentucky Secretary of State made a return to the court for SciPlay and Appchi Media on September 29, 2022, and for Scientific Games on September 30, 2022. *See* Wheeler Aff. Ex. C. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the 30-day removal period runs from receipt of formal service of process, including a summons); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532 (6th Cir. 1999) (the last-served defendant has 30 days from the date of service to file a notice of removal, with the consent of the remaining defendants).

### IV. BASIS FOR REMOVAL JURISDICTION

14. The claims asserted by Plaintiff give rise to diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Defendants also invoke all other grounds for removal that exist under applicable law.

15. This Court has jurisdiction over this action under CAFA because this case is (1) a proposed class action within the meaning of CAFA, in which (2) minimal diversity exists

---

corporation or a limited liability company is immaterial. As discussed later, under either view, CAFA's minimal diversity requirement has been satisfied. *See infra* ¶ 21 (explaining that Appchi Media, now known as Dragonplay Ltd., is an Israel limited liability company with a principal place of business in Ramat Gan, Israel, and its owners, their owners, and continuing up the company tree to the ultimate parent corporations, are citizens of Nevada and Delaware).

for two independent reasons, as "any member of a class of plaintiffs is a citizen of a State different from any defendant" and "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state[,]" (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," (4) "the primary defendants are [not] States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief[,]" and (5) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100." *See* 28 U.S.C. § 1332(d)(2), (d)(5). CAFA grants federal district courts original jurisdiction over any civil action that meets these requirements. *See id*.

### A.   CAFA's "Class Action" Requirement is Satisfied

16.   CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case qualifies as a class action removable under Section 1332(d)(1)(B). Plaintiff's Complaint is described as a "Class Action Complaint" and states that Plaintiff "brings this action on behalf of herself and all others similarly situated." Complaint at p.1 (capitalization changed).

17.   Specifically, Plaintiff seeks to represent one class consisting of "all individuals who, in the Commonwealth of Kentucky, spent $5.00 or more within a 24-hour period in one or more of Defendants' casino games during the applicable limitations period." *Id*. ¶ 33. Applying that definition (and without waiving any statute of limitations-related defenses), SciPlay has determined by examining the existing geographical metadata from game data that as many as 21,074 unique users in Kentucky, but certainly in excess of 100 unique users, spent $5.00 or more within a 24-hour period on the games at issue between December 2, 2019 and June 30, 2022. *See* Affidavit of Philip Alvarado ("Alvarado Aff.") ¶ 4.

### B.   CAFA's Minimal Diversity Requirement is Satisfied

18.   CAFA's minimal diversity requirement is satisfied when any one of three conditions is met. *See* 28 U.S.C. § 1332(d)(2)(A). The first condition is that "any member of a

5

class of plaintiffs is a citizen of a State different from any defendant[,]" and the third condition is that "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." *Id*. § 1332(d)(2)(A), (C).

19.     Here, both conditions are met. Plaintiff is a resident of Kentucky and seeks to represent a class consisting of persons in the state of Kentucky. *See* Complaint ¶¶ 10, 33. Defendant Scientific Games is a citizen of a different state (Nevada) because Scientific Games is incorporated under Nevada law and has its principal place of business in Nevada. *See id*. ¶ 11. Because Scientific Games is diverse from Plaintiff and the putative class members she seeks to represent, CAFA's minimal diversity requirement is satisfied.

20.     CAFA's minimal diversity requirement is also satisfied for the independent reason that Defendant SciPlay is a citizen of different states (Nevada and Delaware) because SciPlay is incorporated under Delaware law and has its principal place of business in Nevada. *See id.* ¶ 12.

21.     CAFA's minimal diversity requirement is also satisfied for the independent reason that Defendant Appchi Media, now known as Dragonplay Ltd., is a citizen of different states (Nevada and Delaware or Israel). Defendant Appchi Media, now known as Dragonplay Ltd., is an Israel limited liability company with a principal place of business in Ramat Gan, Israel, and its owners, their owners, and continuing up the company tree to the ultimate parent corporations, are citizens of Nevada and Delaware. *See* Gustafson Aff. ¶¶ 3-9; *see also Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member.").

C.    **CAFA's Amount-in-Controversy Requirement is Satisfied**

22.     CAFA jurisdiction requires that "the matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id*. § 1332(d)(6).

23. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold[,]" not an evidentiary submission. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Rowlett v. Landmark of Elkhorn City Rehab. and Nursing Ctr. LLC*, No. 7:20-CV-34-REW, 2020 WL 13064733, at *2 (E.D. Ky. May 28, 2020) (same).

24. It is readily apparent that Plaintiff's complaint seeks damages exceeding $5 million. Plaintiff demands compensatory damages, restitution, and disgorgement for each class member to "restore . . . all monies" Defendants allegedly wrongfully obtained. *See* Complaint at p.15.

25. Using data and records that SciPlay maintains in the normal course of business, SciPlay has reviewed user purchases of in-game items in its social casino games and (again, without waiving any defenses related to the statute of limitations) has determined that Kentucky users who spent $5.00 or more within a 24-hour period on the games at issue during the past five years have spent a total amount that exceeds $5 million. *See* Affidavit of Philip Alvarado ("Alvarado Aff.") ¶¶ 4. Specifically, as many as 21,074 unique Kentucky users who spent $5.00 or more within a 24-hour period between December 2, 2019 and June 30, 2022 generated an estimated $11.98 million in gross revenue. *Id.* ¶ 4. This gross revenue yielded an estimated $8.39 million in revenue for SciPlay. *Id.* ¶ 4.

26. If the putative class is awarded the damages and restitution sought in the Complaint, the amount awarded would exceed $5 million.

27. For the reasons set forth above, the relief sought in the Complaint places more than $5,000,000 in controversy, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Owens*, 574 U.S. at 88.

D. **CAFA's Governmental Entity Requirement is Satisfied**

28. This is not an action in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). Plaintiff alleges that all three defendants are private

7

corporations that operate online social casino-style video games. Complaint ¶¶ 1, 11-13. Thus, no defendant is a party that falls within the category created by 28 U.S.C. § 1332(d)(5)(B).

### E.   CAFA's Numerosity Requirement is Satisfied

29.   This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to bring this action on behalf of all individuals located in Kentucky who paid $5 within a 24-hour period for an in-game purchase in one or more of the online games at issue within the applicable statutes of limitations. *See* Complaint ¶ 33. Plaintiff estimates that "tens of thousands of consumers fall into the definition of the Class." *Id*. ¶ 36. Defendants agree that the putative class greatly exceeds 100 members. *See* Alvarado Aff. ¶ 4. Thus, the size of the putative class in this case exceeds the numerosity requirements imposed by 28 U.S.C. § 1332(d)(5)(B).

### F.   All of CAFA's Requirements are Satisfied

30.   For these reasons, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), and this action is removable under 28 U.S.C. §§ 1441, 1453.

31.   The recitation of the allegations and requests for relief above is not a concession that Plaintiff's allegations or legal theories have merit. Defendants reserve the right to assert all applicable defenses and deny that Plaintiff (or the putative class) is entitled to any relief.

## V.   REMOVAL TO THE EASTERN DISTRICT OF KENTUCKY, LEXINGTON DIVISION IS PROPER

32.   Venue is proper in this district and division under 28 U.S.C. § 1441(a), because the state court where the suit has been pending is located in this district and this division consistent with the Joint Local Rules of Civil Practice 3.1(a)(3)(B) and 3.2(b).

## VI.   NOTICE TO STATE COURT AND PLAINTIFF

33.   Counsel for Defendants certify that, under 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Circuit Court for the County of Fayette, Kentucky, and served on counsel for Plaintiff promptly.

34. WHEREFORE, the case now pending in the Fayette Circuit Court, No. 22-CI-2686, is hereby removed to the United States District Court for the Eastern District of Kentucky under 28 U.S.C. §§ 1441, 1453.

Dated: October 18, 2022

Respectfully submitted,

*/s Andrew R. Smith*
Andrew R. Smith
STEPTOE & JOHNSON PLLC
City Center
100 West Main Street, Suite 400
Lexington, KY 40507
(859)219-8239
Andrew.R.Smith@Steptoe-Johnson.com

Adam L. Hoeflich (*Pro Hace Vice* pending)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
adam.hoeflich@bartlitbeck.com

Alison G. Wheeler (*Pro Hac Vice* pending)
Daniel C. Taylor (*Pro Hac Vice* pending)
Eric. F. Dement (*Pro Hac Vice* pending)
BARTLIT BECK LLP
1801 Wewatta Street, 12th Floor
Denver, CO 80202
(303) 592-3100
alison.wheeler@bartlitbeck.com
daniel.taylor@bartlitbeck.com
eric.dement@bartlitbeck.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      This is to certify that on this the 18th day of October, 2022, a true and correct copy of the foregoing was filed via CM/ECF, which will send notification of such filing to all counsel of record.

                                         */s/ Andrew R. Smith*
                                         Andrew R. Smith